UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BENJAMIN P. FOREMAN,

    Defendant.
    _____/

File No. 1:06-CR-30

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Defendant Benjamin P. Foreman's motion to withdraw his guilty plea on Count 3 of his indictment. (Dkt. No. 49.)

Defendant Foreman was indicted on one count of possession with intent to distribute 50 grams or more of cocaine base, possession with intent to distribute an unspecified quantity of cocaine, and possession of firearms during and in furtherance of drug trafficking crimes. (Dkt. No. 1, Indictment). Defendant pled guilty to all three counts of the indictment. (Dkt. No. 24, Plea Agrmt.) Defendant was sentenced to 240 months as to each of counts 1 and 2, to run concurrently, and 60 months as to count 3, to run consecutively to counts 1 and 2. (Dkt. No. 32, J.) Defendant's appeal was dismissed on the basis of his waiver of appellate-review in his plea agreement. (Dkt. No. 42, *United States v. Foreman*, No. 06-2192 (6th Cir. Sept. 6, 2007)). Defendant's motion to vacate, set aside, or correct sentence pursuant to 28

U.S.C. § 2255 was denied. (*Foreman v. United States*, No. 1:08-CV-1115 (W.D. Mich. July 19, 2010).)

Defendant now moves to withdraw his guilty plea as to count 3 on the basis of *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010). In *Almany*, the Sixth Circuit determined that the "except" clause of the firearm statute exempts a criminal defendant from the mandatory minimum if the defendant is subject to another, greater mandatory minimum sentence. *Id.* at 241-42. The Sixth Circuit accordingly held that the district court erred by sentencing the defendant to both a five-year mandatory minimum sentence under the firearm statute and a ten-year mandatory minimum sentence under the drug statute. *Id.* at 242.

Defendant's case in not in the same procedural posture as *Almany*. *Almany* was a direct appeal. Defendant, on the other hand, has already appealed his conviction, and his conviction has become final. Defendant has also previously filed a § 2255 motion which was denied.

Defendant's motion requests the Court to correct the allegedly erroneous imposition of the five-year mandatory minimum sentence under the firearm statute. Defendant asserts that his sentence should be vacated, and that he should be resentenced so that his sentence on count 3 runs concurrently with his sentence on counts 1 and 2. Defendant's motion, which challenges the legality of his detention, is in essence a second § 2255 motion to vacate, set aside, or correct his sentence. Federal prisoners only have the right to file one motion under § 2255; subsequent § 2255 motions may only be filed by leave of the appropriate

circuit court of appeals. *See United States v. McDonald*, 326 F. App'x 880, 883-84 (6th Cir. 2009); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . .") Because Defendant has not obtained leave from the Sixth Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to entertain Defendant's motion.

When a second or successive petition is mistakenly filed in the district court without appellate authorization, the appropriate disposition is to transfer the case to the court of appeals pursuant to 28 U.S.C. § 1631. *Craft v. United States*, 299 F. App'x 507, 509 (6th Cir. 2008); *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997). The Court will accordingly transfer Defendant's motion to withdraw plea, which this Court has construed as a second or successive motion under § 2255, to the Sixth Circuit Court of Appeals.

An order consistent with this opinion will be entered.


Dated: August 19, 2010            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE