UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                         CASE No. 1:06-cr-30

v.

                                         HON. ROBERT J. JONKER

BENJAMIN PRESTON FOREMAN,

        Defendant.

_____/

## OPINION REGARDING DEFENDANT FOREMAN'S FIRST STEP ACT MOTION

### INTRODUCTION

Defendant Foreman pleaded guilty to a Section 841(b)(1)(A) crack cocaine offense; a Section 841(b)(1)(C) powder cocaine offense; and a Section 924(c) firearm offense in May 2006. The crack cocaine offense exposed Defendant to a mandatory minimum sentence of ten years in prison and a maximum of life. He was sentenced as a career offender in September 2006 to a total term of 300 months imprisonment. Defendant Foreman was thirty-one years old at the time.

The matter before the Court is Defendant Foreman's motion for modification or reduction in sentence under the newly enacted First Step Act, which provides for the retroactive application of certain sentencing reforms contained in the 2010 Fair Sentencing Act. (ECF No. 127). The Court appointed counsel to assist Defendant Foreman with his First Step motion. Both sides have filed briefs. The government responds that the Court has discretion to reduce Defendant Foreman's sentence, but only to the extent of the new penalty provisions in 28 U.S.C. § 841 and the applicable career offender provisions of the sentencing guidelines. (ECF No. 129). The

defense argues the First Step Act goes further and opens the door to a plenary resentencing with the new mandatory minimum under Section 841 being the only limit. (ECF No. 134-1).

The Court finds that Defendant Foreman is eligible for relief under the First Step Act, but that he is not entitled to a plenary resentencing. Nor does the Court see any other need for a hearing on the fully briefed issues. The Court can and does exercise its discretion under the First Step Act to relieve Defendant Foreman of the mandatory-minimum sentence originally applicable to his crack cocaine offense, and to reduce Defendant Foreman's sentence as provided in this Opinion and corresponding Order.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. Defendant Foreman's Conviction and Sentence

On January 11, 2006, officers with the Lansing Police Department received information that Defendant Foreman, a known fugitive, was living in a certain residence located within the city. On that date, officers established surveillance at the residence and observed Defendant Foreman leave the home and get into a vehicle. Defendant Foreman was stopped and arrested. Acting under a search incident to the arrest, officers found three bags of powder cocaine weighing a total of 60 grams and one bag of crack cocaine weighing 10 grams in Defendant's pants pocket. Officers then obtained a search warrant for the residence. Inside the residence the officers found $7,385.00 in cash, items associated with drug trafficking, five bags of crack cocaine weighing approximately 125 grams in total, five bags of powder cocaine weighing approximately 190 grams in total, and three firearms, each with a round of ammunition in the chamber. Defendant was charged in a three-count indictment on February 8, 2006. (ECF No. 1).

On May 16, 2006, Defendant pleaded guilty to possession with intent to distribute 50 grams or more of crack cocaine (Count 1); possession with intent to distribute powder cocaine (Count 2);

and to possession of firearms in furtherance of a drug trafficking crime (Count 3) under the terms of a written plea agreement. (ECF Nos. 25 & 27). During the plea colloquy Defendant Foreman admitted, under oath, that he was responsible for approximately 135 grams of crack, approximately 250 grams of powder cocaine, and three firearms. (ECF No. 29, PageID.80-81).

The Final Presentence Report (PSR) prepared by the probation officer paralleled Defendant Foreman's admissions with respect to drug quantity and found that Defendant Foreman was responsible for 135 grams of crack cocaine and 250 grams of powder cocaine. At the time, this was equivalent to 2,750 kilograms of marijuana. (PSR ¶ 21). The quantity triggered an initial base offense level of 32 for Counts 1 and 2.[1] After adjusting downward for acceptance of responsibility, the total drug offense level was 29. (PSR ¶¶ 27-35).

The PSR determined, however, that Defendant Foreman qualified as a career offender because he committed the offense of conviction after sustaining two prior felony convictions for a controlled substance offense and a crime of violence. Since the statutory maximum penalty for the offense of conviction was life under Section 841(b)(1)(A)(iii), the guidelines called for a career offender offense level of 34, after adjusting for acceptance of responsibility. *See* U.S.S.G. § 4B1.1(b)(A). Level 34 being higher than the offense level calculated under Section 2D1.1, it took precedence and became Defendant Foreman's total offense level. (PSR ¶¶ 36-38).

---

[1] Count 3 was not grouped with the other convictions under the terms of U.S.S.G. § 3D1.1(b)(1). The guideline range for Count 3 was five years imprisonment, consecutive to the sentence for Count 1, under U.S.S.G. § 2K2.4. For purposes of this motion, both sides focus on Count 1, and by extension, Count 2. They do not suggest that any relief is available with respect to Count 3, although the Court may take Count 3's mandatory minimum sentence into consideration when crafting an appropriate sentence for the predicate offense in the other counts. *See Dean v. United States*, 137 S. Ct. 1170, 1178 (2017). As discussed below, the First Step Act does not provide for a plenary resentencing. However, these considerations go into the mix of factors a reviewing court weighs when determining whether to exercise its discretion, and by how much, under the First Step Act.

The officer then scored Defendant's criminal history at eight points, which would have resulted in a criminal history category of IV. (PSR ¶ 46). Because of his career offender status, however, Defendant Foreman's criminal history category was required to be VI. (PSR ¶ 47). The guideline range for a total offense level of 34 and criminal history category of VI was 262 to 327 months. (PSR ¶ 76).[2] Adding in the conviction for Count 3 resulted in a guideline range of 322 to 387 months under U.S.S.G. § 4B1.1(c)(2)(A). (PSR ¶ 76). At the September 7, 2006 sentencing the Court varied downward from the guideline range and imposed a sentence of 300 months imprisonment—consisting of 240 months imprisonment with respect to each of Counts 1 and 2, to be served concurrently, and 60 months with respect to Count 3, to run consecutive to Counts 1 and 2.[3] (ECF No. 32). Defendant was also sentenced to 5 years of supervised release. During the hearing, the Court acknowledged the sentence came in somewhat under the guidelines but concluded that it reflected the total mix of the Section 3553(a) factors together with Defendant Foreman's career offender status. (ECF No. 40, PageID.154).

## 2. *Defendant Foreman's Appeal and Challenges to his Career Offender Status*

Thereafter, Defendant Foreman filed a notice of appeal. The government moved to dismiss the appeal based on a waiver of the right to appeal contained in Defendant Foreman's plea agreement. On September 6, 2007 the Sixth Circuit Court of Appeal granted the government's motion and dismissed the appeal. *United States v. Foreman*, No. 06-2192 (6th Cir. Sept. 6, 2007).

Collateral attack and further appeals followed. Indeed, Defendant has filed numerous challenges to his conviction and sentence both in this criminal case and in other civil habeas

---

[2] Without the career offender status, Defendant Foreman's offense level of 29 and criminal history category of IV would have resulted in a guideline range on the chart of 121 to 151 months, still above the mandatory minimum sentence then applicable to him with respect to Count 1.
[3] The sentence with respect to Count 2, while below the guidelines, reflected the statutory maximum for a conviction under Section 841(b)(1)(C).

proceedings in this district and in the Eastern District of Michigan.[4]  The majority of Defendant's challenges have focused on his career offender status.  By way of background, in 2003 Defendant Foreman pleaded guilty in State court to a charge of manufacturing cocaine, but he never appeared for sentencing.  After he was convicted in this case, the probation officer found that the 2003 conviction in State court was a predicate offense for purposes of determining Defendant's career offender status.  But when Defendant Foreman was subsequently sentenced in this case to 300 months imprisonment, the State decided to dismiss the charges.  Based on the dismissal, Defendant Foreman has repeatedly argued he was actually innocent of being a career offender.  Every time Defendant has advanced this argument, however, he has been unsuccessful.  In its most recent decision on the matter, the Sixth Circuit observed "[t]hat the State chose to dismiss Foreman's prior conviction after he absconded before sentencing does not erase that prior conviction for purposes of the Sentencing Guidelines." *Foreman v. United States*, No. 18-1274 (6th Cir. Nov. 13, 2018).

### 3.  Defendant Foreman's Motion for a Sentencing Reduction Under the Guideline Amendments.

On March 12, 2008, Defendant Foreman sought to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Guideline Amendments 706 and 711.  (ECF No. 45).  A Sentence Modification Report was ordered, and the resulting report determined Defendant was ineligible for any relief because his career offender status, not the drug quantity, drove his guideline offense level.  The Court denied the motion on March 20, 2014, noting that Defendant's repeated challenge to his career-offender designation was outside the scope of Section 3582(c)(2) relief.  (ECF No. 65).  The

---

[4] In an earlier Order, the Court compiled a full accounting of Defendant's motions. *See Foreman v. Terris*, No. 1:17-cv-836 (W.D. Mich. Jan. 22, 2018) (ECF No. 26-1).

Sixth Circuit Court of Appeals affirmed. *United States v. Foreman*, No. 14-1394/14-1564 (6th Cir. Feb. 17, 2015).

### 4. *The Fair Sentencing Act of 2010*

In the summer of 2010 Congress passed the Fair Sentencing Act of 2010, Pub L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act reduced the sentencing disparity between crack and powder cocaine offenses by increasing the amount of crack cocaine needed to trigger the mandatory minimums established in the Anti-Drug Abuse Act of 1986. *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013) (en banc); *see also Dorsey v. United States*, 567 U.S. 260, 263-64 (2012). More specifically, the Fair Sentencing Act increased the threshold quantity in 21 U.S.C. § 851(b)(1)(A)(iii) from 50 grams or more of crack cocaine to 280 grams or more. Fair Sentencing Act at § 2(a)(1). The Fair Sentencing Act also increased the threshold quantity in 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams or more of crack cocaine to 28 grams or more. Fair Sentencing Act at § 2(a)(2). Today, therefore, in order to trigger the ten years to life sentencing range of Section 841(b)(1)(A)(iii) that Defendant Foreman was convicted under with respect to Count 1, the offense must involve more than 280 grams of crack cocaine.

Those changes made by the Fair Sentencing Act, however, were not retroactive. *Blewett*, 746 F.3d at 650.[5] Because Defendant Foreman had been convicted and sentenced before the Fair Sentencing Act's enactment he was not, at that time, eligible for any relief.

---

[5] In *Dorsey v. United* States, 567 U.S. 260 (2012), the Supreme Court determined that the Fair Sentencing Act applied to any defendant sentenced on or after August 3, 2010, regardless of when the offense occurred. Because Defendant Foreman was sentenced before August 3, 2010, *Dorsey* did not provide him with a pathway to any relief.

5. *The First Step Act of 2018*

On December 21, 2018, President Trump signed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act") into law. The First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Simons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019). In Section 404 of the First Step Act, Congress made the Fair Sentencing Act's statutory changes for crack cocaine offenses retroactive to defendants who were sentenced before August 3, 2010:

> SEC. 404. APPLICATION OF FAIR SENTENCING ACT.
>
> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-319, § 404, 132 Stat 5194 (2018).

Accordingly, defendants who were convicted before August 3, 2010 of a crack cocaine offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible for consideration of a reduced sentence. First Step Act of 2018, Pub. L. No. 115-319, § 404(a), (b), 132 Stat 5194 (2018). Whether to reduce the sentence of an eligible defendant is left to the sentencing court's discretion. *Id.* at § 404(c). No reduction is required.

## DISCUSSION

### 1. Summary of the Court's Process

In an earlier Order, this Court set out a two-step process for evaluating First Step Act motions. *See United States v. Boulding*, __ F. Supp. 3d __, No. 1:08-cr-65-01, 2019 WL 2135494, at *4 (W.D. Mich. May 16, 2019). The first step is determining eligibility. In *Boulding* the Court concluded that "eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act." *Id.* at *4. As applied to that case, this determination meant that the quantity of narcotics (whether admitted, found by a jury, or found by a court) did not factor into the question of eligibility. That is true here as well, but this case also presents issues relating to a defendant's career offender status and changes (or not) to the guideline range. Based on the Court's approach in *Boulding*, these questions do not affect the categorical eligibility determination. They simply inform the Court's discretionary call at the second step.

At the second step, a reviewing court evaluates the motion to determine whether it should exercise its discretion to reduce a defendant's sentence. This calls for a determination of the scope of the relief available. Here the Court previously determined, and reaffirms here, that the First Step Act does not provide for a plenary-resentencing. *Id.* at *5; *see also United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (concluding the First

Step Act does not provide for a plenary resentencing and that the defendant need not be present for a reduction in sentence); *United States v. Jones*, No. 2:05-CR-29-FL-1, 2019 WL 2480113, at *2 (E.D.N.C. June 11, 2019) (noting that under 18 U.S.C. § 3582(c) a court may not modify a term of imprisonment except for a narrow range of situations, including "to the extent otherwise expressly permitted by statute," 18 U.S.C. § 3582(c)(1)(B) and holding that "[t]he First Step Act permits the court to impose a 'reduced sentence' and 'modify' the term of imprisonment under § 3582(c)(1)(B), but it does not 'expressly permit' full resentencing."). But as the Court has also remarked, "unlike earlier rounds of retroactive crack or other drug sentencing relief, the First Step Act does not impose any artificial or guideline limits on a reviewing court. These earlier rounds of retroactive reduction proceeded under 18 U.S.C. § 3582(c)(2) based on Sentencing Commission guideline reductions and were therefore subject to the limitations built into that section. The First Step Act is different. The Sentencing Commission has nothing to do with it." *Boulding*, 2019 WL 2135494, at *5.

This means, among other things, that career offenders like Defendant Foreman who did not previously receive relief under the retroactive amendments may now be able to receive a reduced sentence, if the court exercises its discretion to do so. At this point the Court considers whether to reduce a sentence by looking at the factors set out in Section 3553(a), the revised statutory range under the Fair Sentencing Act, any amendments to the guideline range, and post-sentencing conduct. *Jones*, 2019 WL 248-113, at *2.

## 2. Defendant Foreman is Eligible for a Reduced Sentence.

At the first step, the Court concludes Defendant Foreman is eligible for consideration of a reduced sentence under the First Step Act. Indeed, the parties do not argue otherwise. Defendant Foreman's offense was committed before the Fair Sentencing Act's enactment on August 3, 2010;

he was further convicted under the enhanced penalties found in Sections 841(b)(1)(A)(iii); and those penalties were "modified by section 2 . . . of the Fair Sentencing Act of 2010[.]" He was, accordingly, convicted of a "covered offense." The categorical limitations in Section 404(c) also do not apply to Defendant Foreman. His sentence was not "previously imposed or previously reduced in accordance" with the Fair Sentencing Act's amendments. And he has not previously moved to reduce his sentence under Section 404 of the First Step Act. Accordingly, the Court concludes that Defendant is eligible under Section 404(a) for a reduced sentence under Section 404(b).

### 3. Scope of Relief

#### a. Guideline Comparison

At the second step the Court considers the scope of relief available to Defendant and then proceeds to determine by how much, if any, it should reduce Defendant Foreman's sentence. The Court begins with a guideline range comparison. The table below demonstrates the differences between the offense level calculation as to Counts 1 and 2 as it existed when Defendant Foreman was originally sentenced in 2006 and the guidelines as they exist now, taking into account all intervening drug guideline amendments and the retroactive application of the Fair Sentencing Act.

| Counts 1 & 2 | Original Guidelines | Current Guidelines |
|---|---|---|
| **Base Offense Level**<br><br>*135 G Crack Cocaine*<br>*250 G Powder Cocaine* | Level 32 (§ 2D1.1(c)(4))<br><br>*2,750 kilograms of marijuana equivalent* | Level 26 (§ 2D1.1(c)(7))<br><br>*534.5 kilograms converted drug weight* |
| **Adjustments for Acceptance of Responsibility** | -3 levels (§ 3E1.1(a) & (b)) | -3 levels (§ 3E1.1(a) & (b)) |
| **Total Drug Offense Level (After Acceptance)** | Level 29 | Level 23 |
| **Statutory Penalty** | Count 1: 10 years to Life<br>*Section 841(b)(1)(A)(iii)*<br><br>Count 2: 0 to 20 years | Count 1: 5 to 40 years<br>*Section 841(b)(1)(B)(iii)*<br><br>Count 2: 0 to 20 years |

|  | *Section 841(b)(1)(C)* | *Section 841(b)(1)(C)* |
|---|---|---|
| **Chapter Four Enhancement (After Acceptance)** | Level 34 (§ 4B1.1(b)(A)) *Maximum Life Penalty* | Level 31 (§ 4B1.1(b)(2)) *Maximum 40-year penalty* |
| **Total Offense Level** | Level 34 | Level 31 |
| **Criminal History Category** | Category VI (§ 4B1.1(b)) | Category VI (§ 4B1.1(b)) |
| **Guideline Range Before Consideration of Career Offender Status** | 121 to 151 months (LO 29; CH IV) | 70 to 87 months (LO 23; CH IV) |
| **Guideline Range After Consideration of Career Offender Status** | 262 to 327 months (LO 34; CH VI) | 188 to 235 months (LO 31; CH VI) |

As the above chart demonstrates, Defendant Foreman's guideline range with respect to Count 1 and 2 is reduced from 262 to 327 months to 188 to 235 months. Adding in Count 3 results in an amended guideline range of 248 to 295 months. *See* U.S.S.G. § 4B1.1(c)(2)(A). This is so because, while Defendant's sentence continues to be driven by his career offender status, the maximum statutory penalty used to determine that offense level has been reduced from life to a maximum of 40 years. Applying Section 4B1.1(b) of the guidelines, this means Defendant's offense level is reduced three levels.

Neither side disputes that the penalty range in Section 841(b)(1)(B)(iii) now applies with respect to Defendant's Count 1 conviction because the amount involved in the offense, approximately 135 grams of crack, is less than the 280 grams now necessary to trigger those penalties.[6] Applying the Fair Sentencing Act retroactively means that the maximum penalty range applicable to Defendant Foreman has been reduced from life to a 40 years. This, in turn, results

---

[6] Elsewhere, this Court has rejected the government's argument that a defendant is ineligible for relief if the record, including judge found facts, contains an amount sufficient to trigger the original penalty provisions. The Court need not probe any further into the issue here because the amount in this case is not sufficient to trigger the original penalty provisions and so all agree Section 841(b)(1)(B)(iii)'s penalty provisions now apply.

in a lower career offender offense level under Section 4B1.1(b). Therefore, when looking back and considering the sentencing array "as if" the Fair Sentencing Act thresholds were in effect, Defendant Foreman's sentence with respect to Count 1 and 2 must be limited to the penalty ranges of Section 841(b)(1)(B)(iii) (five years to forty years) and Section 841(b)(1)(C) (zero to twenty years) and the respective career offender provisions.[7]

### b. *Career Offender Issues*

All sides accordingly agree that Defendant's guideline range with respect to Counts 1 and 2 is 188 to 235 months, accounting for Defendant's career offender enhancement. But the supplemental brief by defense counsel and the pro se submissions by Defendant Foreman argue the Court should hold a plenary resentencing and apply current law. Among other things this means, the defense argues, the Court should hold a hearing where Defendant is present and it should also revisit Defendant's career offender status. If Defendant is not a career offender, the defense notes, Defendant's guideline range would be 70 to 87 months imprisonment, well below the time Defendant has already served.

The First Step Act does not require a reviewing Court to hold a plenary resentencing. As the defense acknowledges in its reply brief, this Court has previously held as much. *See Boulding*, 2019 WL 2135494, at *5 (noting the "limited authorization" in the First Step Act "is inconsistent with a plenary resentencing."). Several other courts across the circuits have concluded the same. *See United States v. Mason*, No. 2:04-cr-00209-RHW-1, 2019 WL 2396568, at *6 (E.D. Wash.

---

[7] While the Fair Sentencing Act made no changes to Section 841(b)(1)(C), Defendant's sentence with respect to Count 2 is tied to Count 1 under the sentencing guidelines rules relating to grouping. *See U.S.S.G.* § 3D1.2(d). As the government concedes, Defendant's "possession of powder cocaine does not change the calculus." (ECF No. 129, PageID.1017 n.2).

June 6, 2019) (collecting cases). Nothing in the defense briefs persuade the Court that its previous determination is erroneous. But even if the Court were inclined to hold such a proceeding (which it is not) Defendant does not demonstrate how that proceeding would merit any relief with respect to his career offender status. This Court has repeatedly determined Defendant's challenge to his career offender status failed on the merits. The most recent decision from 2018, for example, found no error in the PSR and determined that habeas relief was not warranted. *Foreman v. Terris*, No. 1:17-cv-836 (W.D. Mich. Jan. 22, 2018). The Sixth Circuit Court of Appeals affirmed that decision. *Foreman v. United States*, No. 18-1274 (6th Cir. Nov. 13, 2018). Of course, the Court is free to vary from the career offender levels if the Court finds good reason to do so, as the sentencing judge originally did in this case.

### c. *Discretionary Decision in this Case*

After its review of the record, including Defendant Foreman's post-sentencing behavior, the Court elects to exercise its discretion to reduce Defendant Foreman's sentence under the First Step Act. In evaluating the extent of the reduction, the Court considers the guideline analysis as well as the factors set forth in § 3553(a). The original sentencing judge found a basis in these factors for a modest variance, and so does this Court. Applying the same percentage variance to the amended guideline range of 188 to 235 months on Counts 1 and 2 would suggest a new sentence of 172 months on these counts, with 60 months consecutive on Count 3, for a total of 232 months. All things considered, the Court is satisfied in this case that a total sentence of 232 months consisting of 172 months on each of Count 1 and Count 2, to run concurrently; plus 60 additional months on Count 3, consecutive to Counts 1 and 2, satisfies the Section 3553 factors and comports with the relief authorized by the First Step Act. All other terms of the original sentence, including the five years of supervised release, remain unchanged.

This sentence reflects the purposes of sentencing, including the seriousness of the offense, deterrence to others, protecting the public, respect for the law, and providing rehabilitative opportunities. With respect to his post-sentencing behavior, the probation officer has provided a report from the Bureau of Prisons reflecting minimal disciplinary infractions and several completed educational programs. The First Step Act now permits the Court to impose a reduced sentence that, in the Court's mind, is the more consistent outcome after a consideration of all the 3553 factors.

The docket reflects that Defendant Foreman was arrested on February 24, 2006. (ECF No. 6) and he appears to have been in continuous marshal custody since then. Accordingly, it would appear to the Court that Defendant has been in custody for approximately 164 months. While the decision the Court is entering today would not appear to result in Defendant Foreman's immediate release, given the availability of good time credits, and out of an abundance of caution, the reduced sentence will be for no less than time served. *See United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at *3-*4 (W.D. Va. Feb. 22, 2019) (declining, under First Step Act, to reduce a sentence to less than time served because the need to protect the public and for deterrence directs that a defendant not be allowed to "bank time."). The Court will further Order that this decision take effect ten days from the date of this Opinion in order to permit the Bureau of Prisons to complete certain administrative requirements, if necessary.

### 4. Motion to Substitute Attorney

During the briefing, Defendant Foreman moved to substitute his court appointed attorney due to an asserted breakdown in communication. (ECF No. 131). The only basis for the motion is that Defendant had not yet, at that time, heard from his Court appointed counsel. The Court finds no good cause for granting the motion. Defense counsel has ably complied with the Court's

March 18, 2019 Order appointing counsel to assist Defendant Foreman in pursuing a reduced sentence. Accordingly the motion to substitute is denied.

## CONCLUSION

Defendant Foreman's pro se motion for modification or reduction of sentence under the First Step Act (ECF No. 127) is granted to the extent detailed in this Opinion, and his term of imprisonment reduced to a total term of 232 months imprisonment but no less than time served. All other terms of the original sentence, including the five years of supervised release, remain unchanged.

A separate Order consistent with this Opinion shall issue.


Dated:    July 12, 2019                /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            CHIEF UNITED STATES DISTRICT JUDGE